No. 548
## J. T. TRACTOR CO. v. MIFFLIN TP. TRUSTEES

No. 18733. Supreme Court of Ohio

Pending on motion to order Cuyahoga Appeals ot certify record; docketed July 26, 1924.— 2 Abs. 303.

297. CONTRACTS—Action to recover amount illegally paid for a tractor, by trustees of township.

BY THE COURT.

### Epitomized Opinion

This case comes before the Supreme Court upon a motion to certify. On September 6, 1922, a special meeting of the Board of Trustees of Mifflin Township, Franklin County, Ohio, was called for the purpose of closing a deal for a new tractor. All members of the Board were present. At that meeting resolutions were adopted providing for the sale by the Township Trustees of a Bates steel mule for $700, the purchase of a new J. T. Tractor for $3,000.00 and for the procuring of a loan from the Gahanna Bank for $2,000.00 for the purpose of purchasing the new tractor. A warrant was then issued to the Tractor Company for $3,000 in payment of the new tractor and subsequently cashed by it.

The minutes of the Board do not show that they advertised for bids or that the County Commissioners consented to the purchase or the terms thereof, nor do they show that the Township Clerk certified that funds were aveilable in the road fund. The report of the Bureau further showed that at the time the tractor was paid for there was not sufficient money in the road fund of the township treasury to pay labor and material bills then owing. Later the Township brought this action against the Tractor Company to recover the $3,000 paid for the tractor without offering to put the defendant in statu quo. A demurrer was filed to the petition by the defendant company. This demurrer was overruled by the Common Pleas and sustained by the Court of Appeals. Plaintiff then prosecuted error. The issues presented to the Supreme Court were:

1. Can the township trustees, although a political subdivision, enjoin proceedings under a contract entered into in contravention of the statutes when the contractor has fully performed?

2. Do township trustees have to put the contractor in statu quo where there has been no fraud practiced in the negotiation and consummation of the contract?

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Tractor Company; all of Cleveland.

---

No. 549
## B. P. CONKLING v. STATE OF OHIO

No. 18719. Supreme Court

Motion by plaintiff in error to order Darke Appeals to certify its record. Docketed July 23, 1924. 2 Abs. 483.

333. CRIMINAL LAW—Can accused be convicted on his own testimony of having possession of alcoholic liquors, contrary to his denial, and without corroborating evidence?

The plaintiff in error, Conklin, sets up that this case was commenced in the Mayor's Court of the City of Greenville, the charge against him being the possession of liquors contrary to law.

At the trial no testimony was introduced except that obtained from the examination of the accused, who disclaimed that the alcohol and other liquors found in his possession were not intended for use for beverage purposes, but were kept by him for his use in rehandling tobacco, and this evidence was undisputed.

That there were no exhibits, nor any other evidence of any character offered by the State to corroborate, support or deny that of Conklin, and that notwithstanding such lack of testimony he was convicted by the Mayor.

That he carried the case to the Court of Appeals, which, notwithstanding his testimony, held that the evidence was insufficient to rebut the presumptive ecect arising from the alcoholic liquor having been found in his possession to substantiate the testimony given by hi mon the witness stand. On the ground that this judgment and that of the Mayor's Court was not supported by the required amount of testimony, and was contrary to that ocered in the case.

Attorneys—Mannix, Crawford & Billingsley, for Conklin; O. J. Meyers, Pros. Atty., for State; all of Greenville.

---

The following is a copy of a letter sent us voluntarily by one of our subscribers. We omit the name, as we have not asked permission of the writer to give it publicity.

August 18, 1924.

Gentlemen: We recently renewed our subscription to the Abstract, as we have found it to be of great value to us in the past year.

We recently won a very important case involving a school bond issue, on the authoritative case reported in the Abstract, and without this report we would have certainly lost the case.

Under these conditions we feel that you are doing good work and we will continue to subscribe.

Respectfully.

# DON'T WASTE
## Your 1923 Back Numbers
## Get Them Bound

We add to them your missing numbers and make complete volumes

Write Us for Prices and Particulars

# The Ohio Law Abstract
## CLEVELAND, O.

Mail Address, Box 55, Ea. Cleveland Sta.